<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LEONA CASIANO,<br><br>        Plaintiff,<br><br>   v.<br><br>MARLENE COLVIN, *et al.*,<br><br>        Defendants. | Case No. 2:23-cv-21871 (BRM) (JSA) |
| LEONA CASIANO,<br><br>        Plaintiff,<br><br>   v.<br><br>MARLENE COLVIN, *et al.*,<br><br>        Defendants. | Case No. 2:23-cv-23361 (BRM) (MAH)<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Leona Casiano's ("Casiano") Complaints and Applications to Proceed *In Forma Pauperis* ("IFP") filed in Case Numbers 23-21871 and 23-23361 against defendants Marlene Colvin and Quintin Prioleau. Having reviewed Casiano's submissions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, the IFP applications are **DENIED**.

**I.     BACKGROUND**

Casiano previously filed a case against AFSCME Council #63 with allegations similar to the pending matters, including allegations of impeachment, fraud, and retaliation for whistleblowing. (*See* Case No. 23-20014(KM)(CLW), ECF No. 1.) That matter was dismissed on screening for lack of subject matter jurisdiction. (*Id.* at ECF No. 4.) The Court permitted Casiano to file an amended complaint by October 16, 2023. On October 3, 2023, Casiano filed

a complaint and IFP application referencing Case Number 23-20014, but this time named defendants Colvin and Prioleau rather than the AFSCME. (*See* Case No. 23-21871, ECF No. 1.) The complaint and IFP application were filed under a new docket number as Case Number 23-21871. Case Number 23-20014 remains closed, with no activity taking place after October 5, 2023.

On December 21, 2023, Casiano filed another complaint and IFP application against defendants Colvin and Prioleau, docketed as Case No. 23-23361. Based on the nature of the allegations, Case No. 23-23361 shall be **CONSOLIDATED** into Case Number 23-21871, and the Court, in reviewing Casiano's IFP applications and complaints, will consider all documents filed in 23-21871 and 23-23361.

A court reviewing an IFP application "has the authority to dismiss a case 'at any time,' . . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an [IFP] application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *see also id.* at 659 (explaining that the PLRA altered the two-step framework under § 1915 described in *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). Accordingly, the Court addresses both the IFP applications as well the allegations in the complaints.

**II.    IFP A**PPLICATION

Because Casiano filed applications to proceed IFP, the Court will start by reviewing her application and screening the case for dismissal. When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth her assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in*

*forma pauperis* cases."); *Roy v. Penn. Nat'l Ins. Co.*, No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an affiant must show the inability to pay the filing and docketing fees." *Taylor*, 261 F. App'x at 400 (citations omitted) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) and *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)). The Court may deny an IFP application where requiring Plaintiff "to pay [his] own litigation expenses . . . would not deprive [her] of the 'necessities of life.'" *Shahin v. Sec'y of Delaware*, 532 F. App'x 123, 124 (3d Cir. 2013) (quoting *Adkins v. E.I. DuPont Nemours Co.*, 335 U.S. 331, 339 (1948)) (finding denial of IFP application appropriate, even if plaintiff is "requir[ed ]to save for several months" so long as payment "would not deprive her of the 'necessities of life'").

Here, Casiano notes on her application dated October 3, 2023 in Case Number 23-21871 that the application is "temporary . . . pending disability FMLA." (Case No. 23-21871, ECF No. 1-1 at 2.) The application indicates that she and her spouse are employed by the Bergen New Bridge Medical Center, but does not specify the gross monthly pay. (*Id.*) It appears her spouse was having medical issues (*id.* at 5) and that one or both of them were on temporary disability as of September 2023 (*id.*).

In the application dated December 21, 2023 in Case Number 23-23361, Casiano indicates she receives $2400 per month from her employment at Bergen New Bridge Medical Center. (Case No. 23-23361, ECF No. 1-1 at 1–2.) It appears her spouse is no longer employed and is disabled, although there is no indication he is receiving disability payments. (*See id.* at 1–2, 5.) Casiano indicates she has no dependents or assets and has $2622 in monthly expenses. (*Id.* at 3–5.) It is unclear whether these expenses include those for her spouse, as most of those

boxes were left blank. (*See id.* at 4–5.) Casiano's expenses include $65 for "self-care, hair, [and] nails." (*Id.* at 4.)

The information provided by Casiano, albeit incomplete, implies that "requiring [her] to save for several months" in order to pay the fees "would not deprive her of the 'necessities of life.'" *See Shahin v. Sec'y of Delaware*, 532 F. App'x 123, 124 (3d Cir. 2013) (quoting *Adkins v. E.I. DuPont Nemours Co.*, 335 U.S. 331, 339 (1948)). The application is **DENIED**. However, because Casiano's application is incomplete, the Court will allow her to submit an amended application as set forth in the accompanying order.

## III.  SCREENING

Because "a court has the discretion to consider the merits of a case and evaluate an [IFP] application in either order or even simultaneously," *Brown*, 941 F.3d at 660, the Court will review the complaints in addition to the IFP applications. *See* 28 U.S.C. § 1915(e)(2)(B)

When reviewing actions where a plaintiff has applied for IFP status, the Prison Litigation Reform Act ("PLRA")[1] instructs courts to dismiss cases that are, at any time, frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

As best the Court can glean from Casiano's complaints, Casiano alleges that, between 2019 and 2022,[2] defendants Colvin and Prioleau, who were or are officials of the AFSCME

---

[1] The PLRA applies to non-prisoners as well. *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010).

[2] The dates in the complaints are inconsistent. At times, Casiano references specific dates; at other times, she alleges this conduct has been going on for 25 years.

Local 549 Union, filed false charges against her and drew checks on a AFSCME Local 549 Union bank account that they were not authorized to use. She alleges they falsified IRS documents, caused her to be "expelled" from her president-elect position, and retaliated against her for whistleblowing. She indicates she reported their actions to the IRS, FBI, Bergen County Sheriff's Department, and union official, among others.

In Case Number 23-21871, Casiano seeks "two million and for neither defendants to be eligible to run for any union local and imprisonment." (ECF No. 1 at 4.) She also appears to be bringing the claims on behalf of other members, stating that she is "seeking restitution for the member[s]." (*Id.*) However, in Case Number 23-23361, Casiano states she suffered "no injuries regarding Marlene Colvin and Quintin Prioleau falsifying IRS documents" but only that Colvin "threatened [her] with the 'mob' for exposing her." (ECF No. 1 at 4.)

With respect to subject matter jurisdiction, Casiano asserts federal question jurisdiction, stating only that defendants "violated the constitution statutes [sic] and bylaws from AFSCME Council 63 Union." (Case Number 23-23361, ECF No. 1 at 2.)[3]

The Court liberally construes Casiano's submission because she is proceeding *pro se*. *See Dluhos v. Strasberg*, 321 F.3d 365, 373 (3d Cir. 2003) ("[W]e must liberally construe the [*pro se*] litigant's pleadings, and we will apply the applicable law, irrespective of whether he has mentioned it by name."); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Having reviewed Casiano's filings, the Court finds it lacks subject matter jurisdiction.

---

[3] Page 1 of this complaint is missing but does not impact the subject jurisdiction analysis. In Case Number 23-21871, Casiano asserts subject matter jurisdiction based on her being a "U.S. Government Plaintiff," which is not supported by the complaint. (ECF No. 1 at 2.)

Federal courts have original jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1332, diversity jurisdiction.[4] *See Fung v. Wells Fargo Bank*, No. 2:20-cv-01099, 2021 U.S. Dist. LEXIS 137606, at *8 (D.N. J. July 23, 2021). A district court has the obligation to raise questions of subject matter jurisdiction *sua sponte.* Fed. R. Civ. P. 12(h)(3). *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Courts apply the well-pleaded complaint rule because plaintiffs are the masters of their claims." *Caride v. Altman*, 623 F. Supp. 3d 441, 455 (D.N.J. Aug. 25, 2022) (internal quotations and citations omitted). To find that federal question exists, a well pleaded complaint must "establish[] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). A mere reference or mention of federal law is insufficient. *See Caride v. Altman*, 623 F. Supp. 3d 441, 455 (internal quotations omitted); *Alexis v. Sessions*, Civ. A. No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018) (noting that violations of statutes that are mentioned in "passing," or merely referenced in the complaint without factual support, are not sufficient to raise a claim).

Here, Casiano has failed to sufficiently allege that this Court has subject matter jurisdiction. Indeed, she vaguely claims that defendants "violated the constitution statutes [sic] and bylaws from AFSCME Council 63 Union." (Case Number 23-23361, ECF No. 1 at 2.) Because Casiano does not allege a specific violation of the U.S. Constitution or of a federal

---

[4] Plaintiff does not state sufficient facts to support, nor does she allege, that subject matter jurisdiction is based on diversity.

statute, her claims are more logically construed as a violation of the AFSCME constitution and/or bylaws and, therefore, do not present a federal question. To the extent she claims defendants falsified IRS documents, she concedes that she suffered "no injuries" as a result. (*Id.* at 4.)

Because this Court lacks subject matter jurisdiction, it does not reach the merits of Casiano's claims or whether the complaint should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915.

**IV.   CONCLUSION**

For the reasons set forth above, Case Numbers 23-21871 and 23-23361 shall be **CONSOLIDATED**. Casiano's applications to proceed IFP (ECF No. 1-2) are **DENIED**. Casiano may, by June 4, 2024, file an amended, complete application to proceed IFP or pay the filing fee. Because this Court also lacks subject matter jurisdiction, Casiano shall, by June 4, 2024, file a single amended complaint under Case Number 23-21871 <u>only</u>, sufficiently setting forth the basis of this Court's jurisdiction. In the interim, this matter shall be marked **CLOSED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  May 7, 2024